## Samuel Calhoun v. B. F. Wright.

*One defendant is not a competent witness for his co-defendant; and an application for a continuance on account of the want of the testimony of such a witness, is properly refused.*

*A principal cannot, in any case, avail himself of the fraudulent acts of his agent, to the injury of an innocent third·person.*

*Where two persons enter into an agreement, that if the one buy certain land at a sheriff's sale, he shall sell a certain part of it to the other, at a stipulated price; the former becomes the agent of the latter, in making the purchase. Their relation is that of principal and agent, and not of vendor and vendee. The case of Wright v. Calhoun, 19 Texas Rep. 412, re-affirmed.*

APPEAL from Houston. Tried below before the Hon. Charles A. Frazer.

This was an action, brought by the appellee, against Samuel Calhoun and John Rodgers, to cancel and annul a sale, made under execution by the sheriff of Houston county, of 4285 acres of land in that county, purchased by Rodgers; and a part of which, the latter agreed, by his bond for title, to convey to the said Calhoun, in consideration of $650, acknowledged in the bond to have been paid by Calhoun.

The petition alleged, that on the 7th day of September, 1850, A. A. Dexter and W. Allen, obtained a judgment against the plaintiff, in the District Court of Houston county, for the sum of $601.79 and costs, and an order to sell the land above named, which had been by the said Wright mortgaged to Dexter and Allen, to secure the payment of a debt to them. The plaintiff further alleged, that the sheriff of the said county sold the land on the 7th day of January, 1851, by virtue of the said order of sale, to John Rodgers, for $1103; that the plaintiff had been absent, for three years preceding, in the state of Kentucky, where he had been detained by sickness; that, before his departure, he executed to Rodgers his power of attorney, dated the 16th day of June, 1846, constituting him his

agent; and that, under the said power of attorney, Rodgers had collected, and had in his hands, at the time of the sale, about $1000, or more. That previous to the sale, Rodgers and Calhoun entered into an agreement, by which Calhoun should not bid at the sale; but that Rodgers should buy the land, and let Calhoun have a certain part of it for $650; and, according to that agreement, Rodgers bid off the land as above stated, and executed his title bond to Calhoun, according to the agreement.

The petition further alleged, that Calhoun paid to Rodgers, and the latter to the sheriff, the money due on the decree, for the sale of the land; and that Rodgers, as petitioner's agent, gave a receipt to the sheriff for the balance. That the said agreements between them were collusive, and in fraud of his rights, by preventing competition at the said public sale, without which, the land would have sold for a greater amount; and that the tract of land was worth $10,000.

The defendants, by separate answers, denied any collusion or combination, by which the said Calhoun should not bid at the sale; but admitted that he did agree with Rodgers previous to the sale, to take a portion of the land at the price stipulated in the bond from Rodgers, in case he, (Rodgers,) should purchase it, and on his becoming the purchaser, executed the bond aforesaid, which was attached to, and made a part of the answer of the defendant, Calhoun.

The defendant, Rodgers, denied that he had any authority from the plaintiff, to pay the debt for which the said tract of land was sold, or that he had any money in his possession belonging to the plaintiff. He admitted, that his co-defendant paid him $650, for the portion of the land he agreed to let him have. He alleged that he paid to the sheriff the amount bid by him at the sale, and received a deed for the land; and admitted the execution of the bond to his co-defendant.

The defendant, Calhoun, filed his affidavit for a continuance of the cause, on the 7th day of September, 1858, for want of the testimony of the said John Rodgers; the affidavit stated the materiality of the testimony, and the diligence which he had

used to procure the same; that the testimony could not be procured from any other source, within the affiant's knowledge"; and that the application was not made for delay, but merely for justice. The application for a continuance was refused by the court.

A special verdict was rendered on the issues presented by the court, to be found by the jury, and there was judgment thereon, in favor of the plaintiff, cancelling the deed of the sheriff to Rodgers, and the bond from Rodgers to Calhoun ; and it was also decreed, that the plaintiff pay to the defendant Calhoun, the sum of $650, the amount paid by the said defendant on the purchase of the said land; which sum was tendered in court by the plaintiff, and admitted by the defendant, Calhoun, to be the sum by him so paid. Calhoun appealed.

*A. P. Wiley*, for the appellant.

*William M. Taylor* and *T. J. Word*, for the appellee.

BELL, J.—This case was before this court upon a former appeal. The opinion of this court, reversing the judgment of the District Court on the first trial, may be found in 19 Texas Rep. 420. The testimony upon the last trial, as exhibited by the present record, varies in some respects from the testimony on the first trial, as presented to this court upon the former appeal. But the aspect of the case, upon the whole, is not materially changed.

We can perceive no error in the judgment of the court below; and we think there was no error in the rulings of the court during the trial, which are complained of by the appellant. The appellant's co-defendant, Rodgers, was not a competent witness for him, and there was therefore no error in overruling the motion for a continuance of the cause, for the want of the testimony of the said Rodgers.

The testimony shows, clearly enough, that Rodgers was acting as the agent of Wright, and proclaimed to others that he was so

acting. The former opinion of this court, (19 Texas Rep. 420,) stated that the circumstances under which the defendant, Rodgers, purchased the land, at the sheriff's sale, showed that he was acting as the agent of Calhoun, in making the purchase. It was also stated, that the acts of Rodgers at the time of the sale of the land by the sheriff, were in fraud of the rights of the appellee, whose agent Rodgers also was. It was also said, that nothing could be more perfectly clear, than, that Calhoun could not avail himself of the fraudulent contract of his agent, Rodgers, under such circumstances; and the general rule was asserted, that the principal cannot, in any case, avail himself of the fraudulent acts of his agent, to the injury of an innocent third person. The portions of the former opinion, here alluded to, are all equally applicable to the case in its present aspect.

The record does not disclose the fact, that the purchase-money, ($650,) paid by Calhoun to Rodgers, on the day of the sale by the sheriff, was appropriated by Rodgers to the payment of the judgment debt against Wright. It is probable that the money was so appropriated by Rodgers, and that the fact furnishes the reason for the tender of the money to Calhoun by the appellee. If the fact appeared of record, that the money paid by Calhoun, did go to the payment of Wright's debt, Wright might have been required to tender back the amount paid by Calhoun, with interest. But as the case is presented to us, we can perceive no reason for disturbing the judgment of the court below. The judgment of the court below is affirmed.

Judgment affirmed.